DLD-150                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1112
_____

PRESIDENT MICHAEL CONIKER; RESOURCE SOLUTIONS LLC


v.

BISHOP JEFFREY MONFORTOH; RANDY CHRISTENSEN, PRESIDENT
(AFC.ORG); JOSEPH E. HUDAK, ESQ.; KYLE BROWN, DIRECTOR, BANK
ESCALATIONS GROUP; PNC BANK; PA STATE POLICE; STATE
TROOPER PADASAK; THE MEADOWS PSYCHIATRIC CENTER; USA FBI; FBI
AGENT SCOTT FRANCIS; MATTHEW SENTNER, PA, BELLEVUE POLICE
CHIEF; WILLIAM A. MCCAFFERTY, OH, STEUBENVILLE POLICE CHIEF;
ANDREW HREZO; DIOCESE OF STEUBENVILLE

Michael Coniker, Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:22-cv-01184)
District Judge:  Honorable Marilyn J. Horan
_____

Submitted for Possible Summary Action, and on Appellees' Motion for Summary Action,
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2025
Before:  RESTREPO, FREEMAN, and NYGARD, <u>Circuit Judges</u>

(Opinion filed June 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Michael Coniker appeals from the District Court's order denying his post-judgment motion to reopen. For the reasons that follow, we will summarily affirm the District Court's order.

In 2022, Coniker initiated a pro se civil action in the District Court on his own behalf and on behalf of Resource Solutions, LLC. After Coniker amended his complaint twice, the District Court dismissed his case for failing to comply with Federal Rule of Civil Procedure 8(a)(2). On appeal, we summarily affirmed the District Court's decision, as Coniker's allegations were incomprehensible and thus too vague to notify the defendants of any potential claims against them. See C.A. No. 23-1507.

More than a year later, Coniker filed a motion to reopen his case. He claimed that he paid three lawyers to file lawsuits related to his claims and argued that those lawyers should be required to account for his payments. Coniker also requested that the U.S. Marshals Service take him into protective custody. He included nearly a hundred pages of attachments with no further clarification. The District Court denied his motion, and

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Coniker timely appealed.[1] Several appellees have moved for summary action, and the Clerk has notified Coniker that the appeal will be considered for possible summary action regarding the remaining appellees.

We conclude that the District Court did not abuse its discretion in denying Coniker's motion, which did not provide a basis for reopening the final judgment issued in his case.[2] See Fed. R. Civ. P. 60(b) (setting forth grounds for relief from a final judgment); see also Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) ("[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment."). Coniker's motion was also not based on any potential ground for reconsideration, such as an intervening change in law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

---

[1] As we explained in his prior appeal, Coniker cannot proceed pro se on behalf of Resources Solutions, LLC. See Simbraw v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966) (per curiam).

[2] We have jurisdiction under 28 U.S.C. § 1291 and review the denial of Coniker's motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm a district court's decision, "on any basis supported by the record," if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Accordingly, we grant the appellees' motion for summary action and will affirm the District Court's order.